UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Muhammad,<br>*aka* James Muhammad Wright,<br>*aka* James H. Wright, Sr., | ) C/A No. 3:06-0408-CMC-JRM<br>)<br>) | |
| Plaintiff, | )<br>) | |
| | ) | Report and Recommendation |
| vs. | )<br>) | |
| Department of Mental Health; and<br>Robert Milling, | )<br>) | |
| Defendants. | | |

Plaintiff has filed this matter pursuant to 42 U.S.C. § 1983 against the Department of Mental

Health and Robert Milling.  His complaint reads in total:

> Greeting Clerk of Court, I am again writing you all, this legal
> complaint, in my legal handwriting protaining (sic) a drug test, that
> was given, only to me, "James Muhammad" AKA the Honorable
> James Muhammad of the Nations of Islam!  Please be, advised, that,
> this is, Discrimination, also be advised, that my urine, set unattended
> for almost 10 minutes, before staff, pour it, in a tube, without a label.
> I am requesting, that, an investigation, be done on Department of
> Mental Health, who has singled, me out.  Since I'm, been illegally
> detain here!

Plaintiff was indicted during the May 1997 term of the Court of General Sessions for Aiken

County for assault and battery of a high and aggravated nature.  Plaintiff proceeded to trial before

the (then) Honorable Costa Pleicones, and a jury.  On June 17, 1997, plaintiff was found not guilty

by reason of insanity.  Plaintiff was committed to the State Hospital pursuant to South Carolina Code

§ 17-24-40 for examination.  Plaintiff filed a Notice of Intent to Appeal and the State filed a motion

to dismiss the appeal.  The South Carolina Court of Appeals granted the State's motion to dismiss.

Plaintiff was discharged from Hall Institute on July 3, 1999 under certain conditions set out

in an order issued by the Honorable Frank Eppes.  Plaintiff was readmitted to the Department of

Mental Health on June 10, 2004, for non-compliance with the July 3, 1999 order.  On April 14,

2005, an Amended Order was entered which discharged the plaintiff from the Department of Mental

Health with conditions.  On November 1, 2005 plaintiff was arrested for bank fraud.  Subsequent

to his arrest, plaintiff was committed to the Just Care facility of Hall Institute, where the plaintiff

is currently confined.

      Under established local procedure in this judicial district, a careful review has been made

of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C.

§ 1915A, and the Prison Litigation Reform Act.  The review has been conducted in light of the

following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60

U.S.L.W. 4346 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, (1989); <u>Haines v. Kerner</u>, 404

U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, (4th Cir. 1995)(*en

banc*), *cert. denied*, <u>Nasim v. Warden, Maryland House of Correction</u>, 516 U.S. 1177 (1996); <u>Todd

v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); and <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, <u>Gordon v.

Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, <u>Leeke v. Gordon</u>, 439 U.S. 970 (1978), and a

federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to

allow the development of a potentially meritorious case.  *See* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980);

and <u>Cruz v. Beto</u>, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint the

plaintiff's allegations are assumed to be true.  <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2nd Cir.

1975).  However, even under this less stringent standard, the complaint submitted in the above-

captioned case is subject to summary dismissal.  The requirement of liberal construction does not

mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. <u>Weller v. Department of Social Services</u>, 901 F.2d 387, (4th Cir. 1990).

The defendant The South Carolina Department of Mental Health is an agency of the State of South Carolina. As such, it is not necessary for the defendant to file an answer. The defendant is immune from suit under 42 U.S.C. § 1983 because the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See* <u>Alden v. Maine</u>, 527 U.S. 706, 144 L. Ed. 2d 636, 119 S. Ct. 2240 (1999); *See also* <u>Federal Maritime Commission v. South Carolina State Ports Authority, et. al.</u>, 122 S. Ct 1864, 2002 WL 1050457 (U.S. May 28, 2002) (state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State).

The State of South Carolina has not consented to suit in a federal court. *See* S. C. Code Ann. § 15-78-20(e)(Law. Co-op. 2004), which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

As for defendant Milling, the plaintiff fails to mention him in any portion of his complaint. Thus, it is entirely unclear what, if any, claims the plaintiff might have against this defendant. Since the plaintiff fails to allege that defendant Milling was personally involved in the events that gave rise to this case, liability under § 1983 may not be imposed upon him *See* <u>Wilson v. Cooper</u>, 922 F. Supp. 1286, 1293 (N.D.Ill. 1996); and <u>Campo v. Keane</u>, 913 F. Supp. 814, 825 & n. 11 (S.D.N.Y. 1996). *See also* <u>Horton v. Marovich</u>, 925 F. Supp. 540 (N.D.Ill. 1996)("Thus, a plaintiff suing a

government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right.").

In any event, insofar as the plaintiff's pre-trial detention and pre-trial proceedings are concerned, the § 1983 complaint is subject to summary dismissal because a right of action with respect to the plaintiff's detention and pending criminal proceedings has not yet accrued.  *See* Heck v. Humphrey, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*See also* Schafer v. Moore, 46 F.3d 43 (8th Cir., January 27, 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and Woods v. Candela, 47 F.3d 545, (2nd Cir. 1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808 (1995).  *See also* Brooks v. City of Winston-Salem, N.C., 85 F.3d 178 (4th Cir. 1996).  *Accord* Smith v. Holtz, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); Burnside v. Mathis, 2004 WL 2944092 (D.S.C. 2004).

Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pre-trial detainees.  *See* Nelson v. Murphy, 44 F.3d 497 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); Norris v. Super Cab Co., 1994

WESTLAW®  665193 (N.D.Cal., November 15, 1994); and <u>Daniel v. Ruph</u>, 1994 WESTLAW®

589352 (N.D.Cal., October 12, 1994).

In <u>Daniel v. Ruph</u>, <u>supra</u>, a district court applied the holding in <u>Heck v. Humphrey</u> to a pre-

trial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth
> Amendment right to put on a meaningful defense.  A judgment in favor of the
> plaintiff on that claim would imply the invalidity of his ongoing criminal
> proceedings.  If plaintiff were successful in showing that he had been denied his
> constitutional right to prepare his defense, any conviction which flowed from that
> denial would be invalidated.  Therefore, the instant allegations fail to state a
> cognizable claim under § 1983 and are DISMISSED without prejudice.  * * *

<u>Daniel v. Ruph</u>, <u>supra</u>, 1994 WESTLAW® 589352 (footnote following quotation omitted).  In an

earlier case, <u>Norris v. Patsy</u>, 1994 WESTLAW® 443456 (N.D.Cal., July 29, 1994), the court noted

that, under <u>Heck v. Humphrey</u>, <u>supra</u>, "[a] judgment in favor of the plaintiff here would imply the

invalidity of pending state criminal proceedings which have not already been invalidated;

. . . therefore, any request for damages pertinent to said proceedings is premature and must be

DISMISSED."

Also on point is <u>Hudson v. Chicago Police Department</u>, 860 F. Supp. 521 (N.D.Ill. 1994),

where the Honorable Marvin E. Aspen, United States District Judge, ruled that the complaint was

subject to dismissal under <u>Heck v. Humphrey</u>.  Judge Aspen, however, noted that the plaintiff could

bring § 1983 action at a later date if a cause of action had accrued.  Judge Aspen also held that

"federal courts will not entertain a claim for damages under § 1983 if disposition of the claim would

entail ruling on issues in dispute in pending state proceedings."  *Accord* <u>Babcock v. Collord</u>, <u>supra</u>,

1994 WESTLAW® 374528 (complaints subject to dismissal under <u>Heck v. Humphrey</u> can be

dismissed under 28 U.S.C. § 1915(d)).

<u>Heck v. Humphrey</u> is controlling in the above-captioned case because the events at issue in

this case took place after <u>Heck v. Humphrey</u> was decided.  In any event, <u>Heck v. Humphrey</u> would apply retroactively.  *See* <u>Hooper v. Anderson</u>, 50 F.3d 14 (9th Cir., January 10, 1995)(opinion on rehearing by panel; <u>Heck v. Humphrey</u> applies retroactively), *replacing* unpublished opinion reported in <u>Hooper v. Anderson</u>, 37 F.3d 1505 (9th Cir., October 6, 1994); and <u>Smith v. Holtz</u>, <u>supra</u> (plaintiff's Rule 60(b) motion granted because of decision in <u>Heck v. Humphrey</u>).

Absent extraordinary circumstances, federal district courts are not authorized to interfere with a State's pending criminal proceedings.  *See*, *e.g.*, <u>Younger v. Harris</u>, 401 U.S. 37, 44 (1971); <u>Taylor v. Taintor</u>, 83 U.S. 366, 370 & n. 8 (1873);[*] <u>Harkrader v. Wadley</u>, 172 U.S. 148, 169-170 (1898); and <u>Cinema Blue of Charlotte, Inc. v. Gilchrist</u>, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030 (1990).  In <u>Cinema Blue of Charlotte, Inc. v. Gilchrist</u>, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.  <u>Cinema Blue of Charlotte, Inc. v. Gilchrist</u>, <u>supra</u>, 887 F.2d at 52.  *See also* <u>Bonner v. Circuit Court of St. Louis</u>, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976).  In <u>Bonner v. Circuit Court of St. Louis</u>, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

---

[*]Although the Supreme Court of the United States has not overruled <u>Taylor v. Taintor</u>, an unrelated portion of the decision in <u>Taylor v. Taintor</u>, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas.  *See* <u>Green v. State</u>, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* <u>Green v. State</u>, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

Respectfully submitted,


s/Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
March 20, 2006


*The plaintiff's attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**